# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE HOWARD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No: 4:18CV1933 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion to Vacate is denied.

## PROCEDURAL HISTORY

Movant and his counsel appeared before this Court on June 26, 2017 for the change of plea hearing as to Counts 1 of the indictment, which charged Movant with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to a written plea agreement, Movant admitted to the charge and waived all rights to contest the conviction or sentence in any post-conviction proceeding with the exception of prosecutorial misconduct or ineffective assistance of counsel. In the plea agreement, Movant agreed that he was fully satisfied with the

representation received from defense counsel. He further agreed that defense counsel had completely and satisfactorily explored all areas which he had requested relative to the government's case and any defenses.

Movant was sentenced on November 13, 2017. Movant was committed to the custody of the Federal Bureau of Prisons for a term of seventy (70) months imprisonment. He was further ordered to make restitution in the amount of $288,515.00.

The Court applied the two level enhancement pursuant to Section 2G2.2(b)(6) for use of a computer.

On November 13, 2018, Movant filed this Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Movant claims that his counsel rendered ineffective assistance of counsel when he failed to argue against the amount of restitution, for failure to argue 2G2.2(b)(6) was double counting, and failure to argue diminished mental capacity. Movant seeks to have the restitution order account for his financial resources and capabilities, modify his sentence removing the enhancement and to consider a downward departure taking into account his diminished mental capabilities.

## **STANDARD FOR RELIEF UNDER 28 U.S.C. §2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can

be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner=s ineffective assistance of counsel claim is properly raised under 28 U.S.C. ' 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel=s performance Afell below an objective standard of reasonableness.@ *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing Athere is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". *Id.* Review of

4

counsel's performance by the court is highly deferential, "and the Court presumes counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* The court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

5

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## . CLAIMS FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:** Movant claims that his counsel rendered ineffective assistance of counsel when he failed to argue against the amount of restitution.

**Ground Two:** Movant argues that counsel was ineffective for failure to argue 2G2.2(b)(6) was double counting.

**Ground Three:** Movant claims counsel was ineffective for failure to argue diminished mental capacity.

## DISCUSSION

**Ground One**

Arguments regarding the amount of restitution are not cognizable in a § 2255 proceeding. *E.g., United States v. Bernard*, 351 F.3d 360 (8th Cir. 2003). This is so even if the claim is presented in terms of counsel's ineffective assistance. *Shephard v. United States*, 735 F.3d 797 (8th Cir. 2013) (per curiam) (Movant "is not claiming a right to be released from custody, and thus, even if [ ]he could

6

demonstrate that counsel was ineffective, the claim may not be raised in a section 2255 motion."). Therefore, this claim must be rejected.

**Grounds Two and Three**

In his sentencing memorandum, counsel for Movant made the precise arguments that Movant now argues that he did not make. *See* 16CR555HEA, Doc. No. 36. Accordingly, Movant's claims that counsel was ineffective for failing to raise these issues are completely meritless.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. Movant's Motion to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is therefore denied.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds

7

that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. Nos. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 28th day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE